**EXHIBIT A**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| Wesley Harris, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:12-CV00894-ROS-NVW-RRC |
| Arizona Independent Redistricting Commission, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Arizona ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bruce E. Cain, Stanford University, Dep. of Political Science, Encina Hall West, Suite 100, Stanford, CA 94305
c/o Jeffrey Molinar, Osborn Maledon, 2929 N. Central Ave., Suite 2100, Phoenix, AZ 85012

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place: Michael T. Liburdi, Snell & Wilmer, LLP<br>400 E. Van Buren St., Suite 1900, Phoenix, AZ 85004 | Date and Time:<br>02/08/2013 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: Jan. 31, 2013

*CLERK OF COURT*

_____    OR    Michael T. Liburdi
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Wesley Harris, et al.
_____, who issues or requests this subpoena, are:

Michael T. Liburdi, Snell & Wilmer, LLP
One Arizona Center, 400 E. Van Buren St., Suite 1900, Phoenix, AZ 85004

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:12-CV00894-ROS-NVW-RRC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## DEFINITIONS

1. The terms "You" and "Your" include Bruce E. Cain and any and all organizations and entities in which he has an ownership or other interest.

2. The term "AIRC" refers to the Arizona Independent Redistricting Commission including, without limitation, any and all of its commissioners, including Colleen Mathis, Jose Herrera, Linda McNulty, Scott Freeman, and Richard Stertz; staff; contractors and consultants, including without limitation Strategic Telemetry, Ken Strasma, William Desmond, Bruce Adelson, Gary King; and its agents and attorneys.

3. The term "Final Legislative Map" means the map showing the final legislative district boundaries for the State of Arizona adopted by the AIRC on or about January 17, 2012, that is the subject of this Litigation.

4. The terms "Document" and "Documents" are used in their broadest sense and include any printed, recorded, written, graphic, or photographic matter (including audio and video tape recordings) of every kind and description, however printed, produced, reproduced, coded, or stored, whether draft or final, original or reproduction. The terms "document" and "documents" include, but are not limited to, electronic documents and communications such as emails, computer files, and Web sites. The terms "document" and "documents" also include all copies of a document that contain any additional writing, underlining, notes, deletions, or any other marking or notation, or are otherwise not identical copies of the original.

5. The terms "Communication" and "Communications" mean any exchange or transfer of information between two or more persons,

whether written, oral, electronic, or in any other form, and any documents, notes, memoranda or other writings reflecting the substance of the communication.

6.      The term "Litigation" means the case styled as *Wesley W. Harris, et al. v. Arizona Independent Redistricting Commission, et al*, Case No. CV12-00894-ROS-NVW-RRC, pending in the United States District Court for the District of Arizona.

7.      The term "Third Parties" includes any individual, organization, or entity other than the AIRC.

## DOCUMENTS TO BE PRODUCED

1.      Your complete file and all materials in Your possession related to the AIRC, the Final Legislative Map, and/or the Litigation.

2.      All Documents or other materials that You have relied upon in forming your factual conclusions and opinions in connection with the Litigation.

3.      All Documents reflecting any Communications that you have had with the AIRC related to the Litigation or the Final Legislative Map.

4.      All Documents reflecting any Communications that you have had with any Third Parties related to the Final Legislative Map.

5.      All Documents related to and describing the method for disaggregation and reaggregation of voting data for the 2012 general election, allowing it to be merged with the 2010 VTDs (vote tabulation districts), including, but not limited to, the source documents and data, documentation of the methodology used, any interim notes and/or databases created in the course of this work, the final databases, and any related correspondence.

6.      All invoices, billing statements, and time records prepared in connection with the Litigation.

16471973